J-S62012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC SAMUEL BROADWATER | |
| Appellant | No. 587 MDA 2017 |

Appeal from the PCRA Order March 23, 2017
In the Court of Common Pleas of Fulton County
Criminal Division at No: CP-29-CR-0000161-2014

BEFORE: STABILE, MOULTON, and STRASSBURGER, [*] JJ.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 15, 2017**

Appellant, Eric Samuel Broadwater, appeals from the March 23, 2017 order entered in the Court of Common Pleas of Fulton County ("PCRA court") denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

Following a jury trial on May 28, 2015, during which Appellant was represented by Philip Harper, Esq. ("Attorney Harper"), Appellant was convicted of two counts of rape.[1] Appellant was sentenced to an aggregate period of 72-240 months' incarceration on September 8, 2015. Appellant did not file any post-sentence motions or a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(a)(1), (c).

On January 26, 2016, Appellant filed a request for new counsel, asserting that Attorney Harper was ineffective.  On January 29, 2016, the PCRA court, viewing Appellant's request as a first PCRA petition, appointed Michael Palermo, Jr., Esq. ("Attorney Palermo"), to represent Appellant.  Appellant, *pro se*, filed a PCRA petition on February 8, 2016, which the PCRA court took no action on, and forwarded the filing to Attorney Palermo.  On April 21, 2016, Attorney Palermo filed a **Turner**/**Finley**[2] letter seeking withdrawal.  The PCRA court granted Attorney Palermo's request to withdraw on April 29, 2016, and issued a Pa.R.Crim.P. 907 notice to Appellant.  On May 20, 2016, Appellant filed a response to the PCRA court's Rule 907 notice.  On June 15, 2016, the PCRA court, upon review of Appellant's response to the Rule 907 notice, appointed Shane Kope, Esq., as counsel for Appellant.

On October 11, 2016, Appellant, through counsel, filed an amended PCRA petition alleging ineffective assistance of counsel, Attorney Harper, for failing to file a direct appeal and failing to call character witnesses at the time of sentencing.  On October 31, 2016, the Commonwealth filed a response to the PCRA petition.  The PCRA court held a hearing on December 13, 2016, during which Attorney Harper and Appellant testified.  On March 23, 2017, the PCRA court issued an opinion and order denying Appellant's amended PCRA petition.  Appellant filed a timely notice of Appeal on April 3, 2017.  On April

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A2d 213 (Pa. Super. 1988) (*en banc*).

5, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. Appellant complied on April 26, 2017, and the PCRA court issued a Pa.R.A.P. 1925(a) opinion on May 4, 2017.

Appellant raises two issues on appeal, which we repeat verbatim.

[I.] Did the [PCRA court] err by denying Appellant's amended PCRA petition when the [PCRA court] concluded that [Appellant] never contacted [Attorney Harper] regarding [Appellant's] desire to file an appeal?

[II.] Did the [PCRA court] err by denying Appellant's amended PCRA petition when the [PCRA court] concluded that the [Appellant] failed to adequately inform [Attorney Harper] of the character witnesses he wanted to call at sentencing.

Appellant's Brief at 4.

Our standard of review of an order denying a PCRA petition is well established.

The findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference. We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. *Commonwealth v. Sullivan*, 472 P. 129, 371 A.2d 468, 476 (Pa. 1977). This Court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. *See, e.g., Commonwealth v. Meadius*, 582 Pa. 174, 870 A.2d 802, 805 (PA. 2005).

*Commonwealth v. Jones*, 912 A.2d 268, 293 (Pa. 2006). "It is well established that counsel is presumed effective, and a [PCRA] petitioner bears the burden of proving ineffectiveness." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779-80 (Pa. Super. 2015) (*en banc*) (quoting *Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009) (alteration in

original) (additional citations omitted)). "To prevail on an [ineffective assistance of counsel] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Id.* at 780 (citations omitted). If the petitioner fails to meet any of the *Pierce*[3] prongs, the claim fails. *Id.* However, the failure to file a requested direct appeal constitutes *per se* ineffective assistance of counsel. *See Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999).

Appellant's first argument is that his testimony at the PCRA hearing establishes that he requested a direct appeal to be filed on his behalf by Attorney Harper. *See* N.T. PCRA Hearing, 12/13/16, at 14, 25-26. He further argues that Attorney Harper's failure to file a requested direct appeal constitutes *per se* ineffective assistance of counsel. However, Appellant neglects to note that Attorney Harper provided conflicting testimony on the matter. *See id.* at 40, 44-45. The PCRA court found Attorney Harper's testimony credible and the findings of the PCRA court are supported by the record. Thus, Appellant's first claim fails.

Appellant's second issue is that Attorney Harper was ineffective for failing to call character witnesses at the time of sentencing, specifically Alice Cutchall, Patricia Miller, Dulce Hall, and Dillon Burger. Appellant argues that

---

[3] *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

he credibly testified at the PCRA hearing that he provided Attorney Harper with the contact information for these four individuals prior to his sentencing hearing. However, once again Appellant fails to reconcile this with the conflicting testimony by Attorney Harper. *See* N.T. PCRA Hearing, 12/13/16, at 42. Attorney Harper testified that he did not receive any contact information for Dulce Hall or Dillon Burger, and his files indicated that he does not have their contact information. *Id.* The PCRA court found Attorney Harper credible on this point; therefore, the claim fails as to Dulce Hall and Dillon Burger.

With regards to Attorney Harper's decision to not call Alice Cutchall and Patricia Miller, Attorney Harper testified that

> they were there to show that he had somebody supporting him, behind him. Their characterization of [Appellant] was not flattering. It wasn't bad. It wasn't flattering. They indicated to me in our conversations that he had been irresponsible. He put things off. He didn't take things seriously and that you know, that was one of the difficulties that they had had with him throughout -- well, his life since he's been with them and that -- and that it was clearly that they were here to show that he had support, not to say that he was such a wonderful person, although I think they did obviously love him.

*Id.* at 43. The PCRA court found Attorney Harper credible, and therefore he had an objectively reasonable basis for not calling Alice Cutchall and Patricia Miller. "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chooses a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa.

2010) (quoting **Commonwealth v. Howard**, 719 A.2d 233, 237 (Pa. 1998)).

Thus, Appellant's claim fails.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2017